IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M. & E.M.,<br><br>   Plaintiffs,<br><br>   v.<br><br>LAFAYETTE SCHOOL DISTRICT,<br><br>   Defendant.<br> _____/ | No. C 09-04624 SI<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO SUPPLEMENT THE**<br>**ADMINISTRATIVE RECORD** |

Defendants moved to introduce additional evidence to supplement the administrative record. The motion is scheduled for hearing on October 28, 2011, at 9:00 a.m. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter appropriate for disposition without oral argument and therefore VACATES the hearing. For the reasons below, the Court hereby GRANTS defendants' motion to supplement the administrative record.

**BACKGROUND**

C.M. is a minor and is eligible for special education and related services from defendant Lafayette School District ("District"). Plaintiffs are C.M.'s parents, who filed suit on C.M.'s behalf, challenging the administrative order issued by the California Department of General Services, Office of Administrative Hearings, Special Education Division ("OAH").

Plaintiffs sought an administrative hearing with OAH claiming that (1) the District's initial evaluation of C.M. was defective and violated the Individuals with Disabilities Education Act ("IDEA")

1 and corresponding California law because it understated his intellectual ability and (2) the District failed
2 to adhere to required procedures when plaintiffs requested an Independent Education Evaluation ("IEE")
3 of C.M.  The hearing officer issued a decision holding, *inter alia,* that (1) the District did not follow
4 the required procedures under IDEA and therefore is liable to reimburse parents for one-half of the cost
5 of obtaining of an IEE and (2) the District was entitled to reassess C.M.  Plaintiffs now appeal the
6 decision, claiming, *inter alia,* that the hearing officer erred (1) by not reimbursing them for the entire
7 IEE cost and (2) by allowing the District to reassess C.M.

8 Before the Court is defendants' motion to supplement the administrative record.  Defendants
9 wish to introduce two items of evidence: (1) evidence that the District sent plaintiffs a check for the
10 entire cost of the IEE and (2) the fact that the District has conducted a reassessment of C.M.  Defendants
11 argue that these items are relevant to the appeal because they make plaintiffs' claims moot.

## LEGAL STANDARD

Congress created the Individuals with Disabilities Education Act to meet the unique needs of disabled children by making available a free and appropriate public education. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 181 (1982); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir.1993).  The IDEA contains numerous procedural safeguards to assure that schools meet these unique needs. *Ojai, 4 F.3d at 1469.*  Parents may file a complaint with the school district regarding the services provided under their child's individual education plan ("IEP"), and may pursue an administrative hearing if the complaint is unresolved.  *Id.*  If unhappy with the result of the hearing, parents may appeal the results through a civil action in state or federal court. *Rowley,* 458 U.S. at 176.

When a party appeals the administrative hearing result, the provisions of the IDEA place the court in a unique position. The IDEA provides, in pertinent part, that "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C)(ii).  As a result, the court may give less than the usual deference to the administrative hearing officer's findings of fact. *Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1126 (9th Cir.2003), *superseded by statute in non-relevant part*, *M.L. v. Fed. Way Sch. Dist.*,

394 F.3d 634 (9th Cir.2005). Complete de novo review, however, is inappropriate, because this would negate the administrative hearing process. *See id.* Due weight must be accorded to the administrative findings, and the court determines how much weight to give to these findings and to any additional evidence it deems appropriate to admit. *See Ojai*, 4 F.3d at 1473; *see also Rowley*, 458 U.S. at 206; *Vashon*, 337 F.3d at 1127.

The IDEA allows a party to request that the court hear "additional evidence." 20 U.S.C. § 1415(i)(2)(C)(ii). The Ninth Circuit has construed "additional" evidence to mean "supplemental" information. *Ojai*, 4 F.3d at 1472. "Reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* at 1472-73 (citing *Rowley*, 458 U.S. at 206).

## DISCUSSION

### I. Defendants' Check to Plaintiffs for the Cost of the IEE

At the administrative hearing, the hearing officer found that the total cost of the IEE was $4,800, and ordered the District to pay one-half of this cost to plaintiffs. The District sent plaintiffs a check for $2,400. Egnor Decl., Ex. A. On September 2, 2011, the District sent plaintiffs another check for $2,400, thus paying for the full cost of the IEE. Egnor Decl., ¶ 5. Plaintiffs argue that evidence that defendants paid for the entire cost of the IEE is not relevant to this appeal, because "they do not make the error in the ALJ's order, that required CM's parents to pay half of cost [sic] for Dr. Guterman's testing and the report and the cost for her to explain the results to CM's IEP team, more or less probable. Nor does the Defendants' partial payment negate Plaintiffs' request for declaratory relief," because, they state in a footnote, CM remains a student in the LSD and the ALJ's error is capable of repetition "but evades review." Opp. to Def.'s Mot. to Supp. the Admin. Record at 3. The Court disagrees. One of plaintiffs' claims is that the hearing officer erred in not awarding them the entire cost of the IEE. That defendants have since paid the entire cost is relevant to the determination of whether plaintiffs' claim pertaining to this issue is moot.

Admission of this evidence is not a determination that plaintiffs' claim is in fact moot, as the

3

parties have yet to fully brief the Court on this issue. The defendants simply seek to introduce the fact of the payment. Because the District's payment of the entire cost of the IEE is a relevant event occurring subsequent to the administrative hearing, the Court will grant defendants' request for this evidence to be admitted. *See Ojai,* 4 F.3d at 1473.

## II.     Assessment of C.M.

Defendants also seek to supplement the administrative record with the fact that they conducted a reassessment of C.M. pursuant to the hearing officer's order. Def.'s Mot. to Supp. Administrative Record at 3. Plaintiffs argue that the assessment that defendants conducted was based upon an entirely different assessment plan, not the one ordered by the hearing officer. Pl.'s Opp. at 3. Plaintiffs also contend that Mr. Egnor, whom the defendant offers to authenticate the report, has only been in his position with the District for one month and therefore cannot properly authenticate documents created before his employment.

Under Federal Rule of Evidence ("FRE") 901(b)(1), a witness with knowledge of a document can authenticate it by testifying that it is "what it is claimed to be." "A party need only make a showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *U.S. v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009) (internal citations omitted). In contrast to plaintiffs' contention, "FRE 901 does not require personal knowledge of a document's creation." *Id.* It is enough that the person authenticating the document has personal knowledge that the document was part of an official file. *Id.* Here, Mr. Egnor is the Director of Student Services and has attested to the document as being what it claims to be, the District's August 18, 2010 Multidisciplinary Assessment Report of C.M. Egnor Decl., ¶ 6. The Court accepts his authentication.

As with the payment above, admission of the *fact* that the District conducted an assessment of C.M. on August 18, 2010 does not prevent plaintiffs from arguing that this assessment does not fulfill the requirement of the assessment ordered by the OAH. At this stage, the Court only determines that the evidence here is admissible because it is relevant and concerns events that occurred subsequent to the administrative hearing. *See Ojai,* 4 F.3d at 1473.

**CONCLUSION**

For the reasons above and for good cause shown, the Court hereby GRANTS defendants' motion to supplement the record.

**IT IS SO ORDERED.**

Dated: October 25, 2011

SUSAN ILLSTON
United States District Judge