**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

M.M. & E.M.,

       Plaintiffs,

  v.

LAFAYETTE SCHOOL DISTRICT,

       Defendant.
                                       /

No. CV 09-4624 and 10-04223

**ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO APPEAL THE COURT'S POST-JUDGMENT ORDER ON ATTORNEY FEES**

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), plaintiffs have moved for an extension of time to file an appeal of this Court's August 8, 2012, order on attorney fees. *See* Dkt. 167. Defendant has filed an opposition and plaintiffs have filed a reply.[1] Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument. After reviewing the parties' arguments, and for good cause shown, the Court hereby GRANTS plaintiffs' motion.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), plaintiffs had 30 days from August 8, 2012, to appeal the Court's order on attorney fees. Plaintiffs filed their appeal on September 11, 2012, four days after the deadline. Plaintiffs' counsel admits to missing the deadline, "due to a confluence of multiple factors" including a calendering mistake, distraction from intervening events, and grief from the death of a long-time friend. Foltz Decl. ¶¶ 3, 10, 16-18. Defendant opposes the motion for several reasons: (1) plaintiffs' counsel's calendering mistake constitutes negligence, not excusable neglect; (2) plaintiffs' counsel could not have been as distracted by intervening events as she claims to have been

---

[1] Rarely does a discretionary motion to extend time generate the volume of filings found here. What the Court of Appeal has already characterized as a "convoluted procedural history" continues unabated. "This case began as a dispute over the results of CM's special education evaluation under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ('IDEA'), but now has a convoluted procedural history, including three separate district court lawsuits and two administrative complaints." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1083 (9th Cir. 2012).

because the evidence shows that she did perform some work on this and other cases during that time; (3) while the "loss of a loved one is...difficult, Plaintiffs' counsel was obviously not incapacitated" by it, as evidenced by her participation in other matters in this case (Def. Opp. at 7); and (4) defendants were prejudiced by plaintiffs' failure to timely file a notice of appeal because defendants' participation in the September 10, 2012, mediation, three days after the deadline to file, was "tangibly informed" by the fact that plaintiffs had missed the deadline. Defendant's counsel further suggests that plaintiffs' counsel filed the late appeal on September 11, 2012, because of disappointment with the results of the September 10, 2012, mediation. Def. Opp. at 9.

The district court has discretion to extend the time to file a notice of appeal where a "party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The Court is aware of no authority for the proposition that counsel must be "incapacitated" in order to qualify for an extension of time to file an appeal. Here, where plaintiffs' counsel made a showing that extraneous factors caused the untimely filing, nothing more is required. While defendant argues that it would suffer prejudice because its mediation position was informed by plaintiff's failure to timely appeal, that prejudice is minimal here, where the parties' mediation papers were prepared and due several days prior to September 10, 2012. Foltz Decl. II ¶ 11, 13. Presumably, therefore, defendant prepared for mediation with no certainty as to whether plaintiffs would file an appeal.

For good cause shown, the Court hereby GRANTS plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: November 6, 2012

SUSAN ILLSTON
United States District Judge

2