UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LAFAYETTE SCHOOL DISTRICT, et al.,<br><br>        Defendants. | Case Nos. 09-cv-04624 & 10-cv-04223 SI<br><br>**ORDER RE: CASE MANAGEMENT**<br><br>Re: Dkt. No. 111 |

This case is before the Court on remand from the Ninth Circuit, which affirmed in part and reversed in part this Court's prior rulings as to summary judgment and attorneys' fees. The parties have differing views on the appropriate procedures to be followed on remand, and have filed briefs concerning various related issues. Dkt. Nos. 111, 112, 114, 115. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing currently scheduled for August 28, 2015. The Court hereby enters a case management order as set forth further below.

**BACKGROUND**

This action, brought under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act, concerns a dispute over the educational opportunities provided to C.M., a child who has been identified as an individual with learning disabilities. These are two consolidated cases that collectively involve the appeals from three administrative decisions. M.M. and E.M. ("parents"), individually and on behalf of their son C.M, are suing the Lafayette School District ("District") and the Lafayette School Board ("School Board").

The facts and procedural history of these consolidated cases are complex. A detailed

summary and timeline are set forth in the Court's February 7, 2012 order regarding the parties' cross-motions for summary judgment, Case No. 10-4223, Dkt. No. 78, as well as in the Ninth Circuit Court of Appeals Opinion, amended October 1, 2014.

Plaintiff C.M. is a child who enrolled in the District at the beginning of his kindergarten year in 2005-2006.[1] His kindergarten year coincided with the District's adoption of the Response-To-Intervention ("RTI") model, used as an intervention strategy to assist struggling learners. Early in C.M.'s kindergarten year, through RTI, the District identified C.M. as in need of reading intervention, and thus began providing additional instruction. At the conclusion of kindergarten, C.M. attended a summer class where he continued to work on developing his reading skills.

C.M.'s need for support continued in the first grade. In October 2006, his parents requested that the District evaluate C.M. for learning disabilities. The District completed an initial psychoeducational assessment of C.M. in April 2007 (the "April 2007 Assessment"). This assessment determined that C.M. qualified for special education services due to a phonological processing disorder. As a result, C.M. received an "individualized education program" ("IEP").

In September 2008, M.M. and E.M. requested an independent educational evaluation ("IEE") of C.M. In December 2008, rather than granting the IEE at public expense, the District filed a due process complaint requesting a hearing before the Office of Administrative Hearings ("OAH Case I"). This initial OAH case asked the Administrative Law Judge ("ALJ") to determine the validity of the District's April 2007 assessment, determine whether the District should reimburse C.M.'s parents for an evaluation by Dr. Tina Guterman that they obtained at their own expense, and determine whether the District had a right to conduct its own reassessment of C.M.

After holding a hearing, ALJ Charles Marson issued a decision on July 1, 2009, finding that the District unlawfully delayed granting the IEE at public expense, but that the parents were entitled to reimbursement of only half the expenses associated with the IEE because they had delayed seventeen months before voicing their disagreement with the April 2007 Assessment. The ALJ also determined that the District had a right to proceed with a new assessment. The ALJ

---

[1] The facts presented here are undisputed, and found variously in the parties' briefs and the recitations of the facts from the various administrative hearings.

did not rule on whether the 2007 Assessment was valid, finding the issue unnecessary because he had determined that the parents were due reimbursement regardless of the merits of the 2007 Assessment. This decision forms the basis of plaintiffs' complaint in *M.M. v. Lafayette Sch. Dist.*, Case No. 09-4624 ("Case II").

Meanwhile, on April 16, 2009, C.M.'s parents filed their own administrative complaint ("OAH Case II") requesting a separate due process hearing to address: (1) whether the District timely identified and evaluated C.M. for possible disabilities, (2) whether the District's April 2007 assessment was appropriately conducted and identified all of C.M.'s educational needs, and (3) whether the IEP formulated as a result of the April 2007 assessment was developed and maintained in accordance with IDEA mandates. On May 13, 2009, ALJ Peter Paul Castillo determined that the first two categories of claims were time-barred and granted the District's motion to dismiss those claims.[2]

On August 28, 2009, the parents filed their second complaint with OAH ("OAH Case III"), which was consolidated with the then-pending OAH Case II (as consolidated, "OAH Case II/III"). On June 21, 2010, after eleven days of hearing, ALJ Gary Geren issued a 48-page decision in favor of the District on all issues in the consolidated due process hearing. ALJ Geren ruled that: (1) the District provided C.M. with a free and appropriate public education ("FAPE") for the time period of April 2007 through June 2009, and (2) C.M. was not entitled to receive reimbursement or compensatory education. This decision forms the basis of plaintiffs' complaint in the second of the two consolidated cases now before this Court, *M.M. v. Lafayette Sch. Dist.*, Case No. 10-4223 ("Case III").

To summarize, the relevant filings in this case are as follows:[3]

---

[2] The ALJ's dismissal order formed the basis of plaintiffs' complaint in *M.M., et al. v. Lafayette School District, et al.*, Case No. 09-3668 ("Case I"). This Court granted the District's motion to dismiss. Case No. 09-3668, Dkt. Nos. 50, 53. Plaintiffs appealed that order to the Ninth Circuit Court of Appeals, and the Ninth Circuit affirmed this Court's decision. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082 (9th Cir. 2012).

[3] For ease of reference, the Court adopts the terminology that defendants lay out in their motion.

3

**OAH Case I:** Filed December 3, 2008. OAH Case No. 2008120161. District files a complaint seeking a due process hearing. Following three days of hearing, ALJ Marson rules that the District must pay for half of the IEE (by Dr. Guterman) and that the District is permitted to conduct a new assessment of C.M. Does not decide on appropriateness of April 2007 Assessment.

**OAH Case II/III:** Filed April 16 and August 28, 2009—consolidated. OAH Case Nos. 2009040640, 2009081105. Following eleven days of hearing, ALJ Geren rules the District provided C.M. with a FAPE for the time period of April 18, 2007 through June 2009, and C.M. is not entitled to reimbursement or compensatory education.

**Case II:** Filed September 30, 2009. Case No. 09-4624. District court appeal of OAH Case I.

**Case III:** Filed September 17, 2010. Case No. 10-4223. District court appeal of OAH Case II/III.

On December 6, 2010, this Court granted in part a motion, filed by the District, the School Board, and several other defendants, to dismiss Case II. Case No. 09-4624, Dkt. No. 83. Shortly thereafter, the Court consolidated Case II and Case III. *See* Case No. 10-4223, Dkt. No. 10.

On March 3, 2011, the Court granted in part defendants' motion to dismiss. The Court dismissed with prejudice plaintiffs' claims that alleged violations of IDEA procedural safeguards because the IDEA does not provide a private right of action to enforce these procedural safeguards. Case No. 10-4223, Dkt. No. 28. The Court dismissed with leave to amend plaintiffs' claim alleging discrimination under Section 504 of the Rehabilitation Act. *Id*.

C.M. thereafter filed a Second Amended Complaint ("SAC"), the operative complaint in Case III. The SAC brought five claims for relief against all defendants: (1) for reversal of the ALJ's May 2009 dismissal order finding certain claims time barred; (2) for reversal of the final June 2010 ALJ order in OAH Case II/III finding the District did not deny C.M. a FAPE; (3) for attorneys' fees and costs; (4) retaliation under Section 504 of the Rehabilitation Act; and (5) discrimination under Section 504.

On February 7, 2012, this Court ruled on the parties' cross-motions for summary judgment. Case No. 10-4223, Dkt. No. 78. In Case II, the Court granted defendants' motion for summary judgment and denied plaintiffs' motion, with the exception of the issue of reimbursement for the cost of an outside expert who presented her independent assessment results

4

at a March 2009 IEP meeting. This Court otherwise affirmed the ALJ's decision in OAH Case I. In Case III, this Court denied plaintiffs' motion for summary judgment and granted defendants' motion. In doing so, the Court affirmed the ALJ's decision in OAH Case II/III.

The parties then moved for attorneys' fees and costs. Plaintiffs sought fees based on their partial success in Case II, arguing that they were the prevailing party. Defendants sought fees for defense of the Section 504 retaliation claims and claims regarding violations of procedural safeguards of the IDEA, arguing that these claims were frivolous. On August 8, 2012, this Court granted in part and denied in part the parties' motions. Case No. 10-4223, Dkt. No. 97. The Court found that plaintiffs were entitled to a fees and costs award of $5,170.47 and that defendants were entitled to an award of the same amount. Because the fees and costs offset each other, neither party owed fees or costs to the other.

Plaintiffs appealed to the Ninth Circuit, challenging the Court's rulings on the motions for summary judgment and seeking attorneys' fees and costs. The Ninth Circuit issued an opinion, amended on October 1, 2014, affirming in part and reversing in part this Court's decision and remanding the case. *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842 (9th Cir. 2014). The appeals court "remand[ed] for reconsideration of both the reimbursement due the parents for his private instruction and their attorneys' fees award, and . . . remand[ed] for consideration of the parents' § 504 reevaluation retaliation claim." *Id*. at 862. Mandate returning the case to this Court was issued on December 12, 2014. On April 7, 2015, the Ninth Circuit issued an order transferring plaintiffs' motion for attorneys' fees on appeal to the district court.

The parties appeared before this Court at a case management conference on May 15, 2015. In their Joint Case Management Conference Statement, the parties indicated that four areas of dispute remain upon remand:

> 1. Entry of judgment and timing for attorneys' fee motion in Case No. C09-04624 [Case II].
>
> []2. With respect to Plaintiffs' claim for a remedy, are Plaintiffs entitled to supplement the administrative record with additional proof? If so, what is the appropriate procedure for doing so?
>
> 3. Did the Ninth Circuit's mandate revive Plaintiffs' § 504 discrimination claim?

> 4. Is a motion required and may Plaintiffs conduct discovery on their § 504 claims? And if so, when?

Case No. 10-4223, Dkt. No. 110 at 7. The Court requested that the parties submit briefing on these issues in order to formulate an appropriate case management order.

It is this briefing that is presently before the Court. Defendants filed their motion regarding the proposed case management order on July 10, 2015. Case No. 10-4223, Dkt. No. 111. Plaintiffs responded on July 31, 2015. Case No. 10-4223, Dkt. No. 112. Defendants filed their reply on August 7, and plaintiffs filed a surreply on August 14, 2015. Case No. 10-4223, Dkt. Nos. 114, 115.

## LEGAL STANDARD

"The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Maag v. Wessler*, 993 F.2d 718, 720 n. 2 (9th Cir. 1993) (citations and internal quotation marks omitted). The doctrine

> is a judicial invention designed to aid in the efficient operation of court affairs. Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition.

*Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990) (citations and internal quotation marks omitted). The rule of mandate doctrine further provides that, on remand, the district court "may consider and decide any matters left open by the mandate . . . ." *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255-56 (1895)).

## DISCUSSION

### I. Entry of Judgment and Timing for Attorneys' Fees Motion in Case II

#### A. Entry of Judgment

The parties agree that, with the exception of one retaliation claim and the issue of attorneys' fees, no claims remain in Case II. Further Joint Case Management Conference

6

1    Statement at 3. The Ninth Circuit remanded "the parents' retaliation claim pertaining to the
2    District's effort to reevaluate C.M. after the parents' IEE request." *M.M.*, 767 F.3d at 861.
3    Because this claim, as alleged in Case II, mirrors that brought in Case III, the parties have asked
4    this Court to sever Case II and Case III and to dismiss Case II without prejudice to plaintiffs'
5    ability to pursue the retaliation claim in Case III. Further Joint Case Management Conference
6    Statement at 3.

7    The Court will grant the parties' request. Case II is dismissed, without prejudice to
8    plaintiffs' pursuit of their Section 504 retaliation claim as to the District's reevaluation of C.M. in
9    Case III, Case No. 10-4223. The clerk is directed to close Case II, Case No. 09-4624.

### B.      Attorneys' Fees

The parties disagree as to how the Court should handle any motions for attorneys' fees and costs arising out of Case II. Defendants argue that the Court should defer fee matters until after the claims in Case III have been resolved. Motion at 23. Plaintiffs seek an immediate ruling on fee matters, claiming that resolution on the fees will "determine controlling legal issues" moving forward. Plaintiffs' Responsive Memorandum at 2.

The Court agrees with defendants that ruling on attorneys' fees should be deferred until after ultimate resolution of Case III. This Court consolidated Cases II and III in the interest of judicial efficiency, and to entertain separate fee motions at this juncture would undermine that purpose. The Ninth Circuit remanded the issue of attorneys' fees in light of its reversal determining that defendants denied C.M. a FAPE. *M.M.*, 767 F.3d at 862. C.M.'s FAPE remedy remains at issue in Case III. *See* § II, *infra*. Case III is also unresolved in light of the Ninth Circuit's remand to address one remaining Section 504 retaliation claim. *See id.*; Further Joint Case Management Conference Statement at 4-5.

To qualify as the prevailing party under federal fee-shifting statutes, a litigant must have "been awarded some relief by the court . . . ." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Resources*, 532 U.S. 598, 603 (2001). As noted below, the question of relief is still to be determined in Case III, given that the Ninth Circuit revived plaintiffs' 504

1  discrimination claim and asked this Court to reconsider the relief to be awarded as a result of the
2  FAPE denial. Given the posture of this case, a fee motion is inappropriate at this time.
3  The Court therefore orders that the parties shall not bring any motions for attorneys' fees
4  and costs stemming from Case II until after entry of judgment in Case III.

## II.     Remedy under IDEA and Supplementation of Administrative Record

The parties disagree as to what remedy is available to plaintiffs following the Ninth Circuit's finding that defendants denied C.M. a FAPE. Defendants contend that the appeals court limited the remedy to reimbursement for enumerated educational expenses. Motion at 8. Plaintiffs argue that the potential remedy encompasses both reimbursement and/or compensatory education. Responsive Memorandum at 15. Plaintiffs seek to supplement the administrative record to admit evidence of "C.M.'s current need for compensatory education [and] appropriate remedial educational services [plaintiffs] have funded privately since 2009 . . . ." *Id*. at 15-16. Included in the relief plaintiffs now seek is "reimbursement for two years of parent-funded private placement and remedial therapies provided to C.M. after June 2009." Further Joint Case Management Conference Statement at 9.

The Ninth Circuit remanded the issue of whether plaintiffs should be reimbursed "for C.M.'s audiology and processing assessments, sound-based therapy, and private reading programs that they provided for C.M. at their own expense." *M.M.*, 767 F.3d at 856. This list enumerates what plaintiffs sought at the administrative hearing and before this Court. *See id.* The list does not include the ongoing or future compensatory education or remedial educational services that plaintiffs now seek. *See id*. Nor did plaintiffs seek such relief in their Second Amended Complaint. Plaintiffs sought "reimbursement for Lindamood-Bell services and Tomatis remedial therapy as compensatory education for C.M." SAC at 39.

The appeals court remanded the issue of reimbursement for this Court to consider in light of its ruling. *See M.M.*, 767 F.3d at 856. The Court will therefore consider the reimbursement issue limited to the categories of expenses that the Ninth Circuit listed. *See id.* These are the expenses that this Court previously denied: "C.M.'s audiology and processing assessments,

assessment by Lindamood-Bell Learning Processes, Tomatis therapy, and Lindamood-Bell reading interventions . . . as well as compensatory education services in an intensive remedial reading program through Lindamood-Bell." *See M.M. v. Lafayette Sch. Dist.*, Nos. 09-4624, 10-4223, 2012 WL 398773, at \*32 (N.D. Cal. Feb. 7, 2012).

Having determined that reconsideration of certain expenses is mandated, the Court is now tasked with deciding whether supplementation of the record is appropriate. The IDEA allows a party to request that the court hear "additional evidence." 20 U.S.C. § 1415(i)(2)(C)(ii). The IDEA does not set forth a specific procedure by which the Court may hear additional evidence. The Ninth Circuit recently affirmed that "under our precedent, evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." *E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings,* 652 F.3d 999, 1005 (9th Cir. 2011). Here, evidence of costs that fall within the reimbursement categories enumerated, which evidence was not previously presented to this Court, may be non-cumulative and relevant to the reimbursement determination.

The Court therefore orders that plaintiffs file a motion to supplement the administrative record by **September 18, 2015**. Such motion shall be limited to the specific categories of reimbursement and compensation that this Court previously denied in its February 7, 2012 order. Any other compensation or reimbursement is unavailable as a remedy at this time.

### III. Section 504 Discrimination Claim

Plaintiffs allege that their claim for discrimination under Section 504 of the Rehabilitation Act remains active upon remand from the Ninth Circuit. Further Joint Case Management Conference Statement at 5-6. Defendants disagree. *Id*. at 6-7.

In its order on the parties' cross-motions for summary judgment, this Court granted defendants' motion as to plaintiffs' Section 504 discrimination claim. Plaintiffs appealed this issue to the Ninth Circuit and that court did not reverse or remand the issue. Plaintiffs now contend that the Section 504 discrimination claim remains active because that claim was not before the Ninth Circuit. Responsive Memorandum at 11. Yet plaintiffs stated in their opening

brief on appeal that they "seek[] reversal of the district court's entry of summary judgment on CM's . . . § 504 discrimination claim." Case No. 10-4223, Dkt. No. 111-1 at 4. Plaintiffs did not brief this issue on appeal, and the Ninth Circuit indicated that theories that plaintiffs failed to brief would be deemed waived. *See M.M.*, 767 F.3d at 861.

The Ninth Circuit was specific about which claims it was remanding, and the Section 504 discrimination claim was not one of them. *See id.* at 862 ("We remand for reconsideration of both the reimbursement due the parents for his private instruction and their attorneys' fees award, and we remand for consideration of the parents' § 504 reevaluation retaliation claim."). In finding that there was a FAPE denial, the appeals court clarified what the effect of its reversal was: it remanded the issue of reimbursement of certain expenses. *See id.* at 862. It did not remand the Section 504 discrimination claim.

Accordingly, the Court finds that plaintiffs may not relitigate the Section 504 discrimination claim. This claim remains dismissed pursuant to the Court's order of February 7, 2012.

## IV. Discovery on Section 504 Claims

Per the Ninth Circuit opinion, the Section 504 claim that remains is a narrow one: this Court is to consider "whether the District had any ill motive in requesting the reevaluation" of C.M. in September 2008. *See M.M*., 676 F.3d at 849-50, 862. The appellate court found that this Court erred in not expressly addressing this piece of the retaliation claim and remanded for consideration in the first instance. *Id*. at 862. Defendants argue that discovery should not be reopened because plaintiffs have had the opportunity to litigate this issue. They plan to file a motion for judgment on the pleadings, and they argue that at minimum discovery should not reopen until after the Court has ruled on this motion. Motion at 18-19. Plaintiffs seek C.M.'s Response-to-Intervention testing data from February 2007 through May 2009. Responsive Memorandum at 14. They also seek to reopen discovery on their 504 claim, a process that they anticipate "will require several months." Further Joint Case Management Conference Statement at 12.

1	In December 2011, before this Court entered summary judgment in favor of defendants, the parties agreed to stay discovery on the Section 504 claims pending the ruling on summary judgment.[4] Responsive Memorandum at 14. The parties agreed to do this "to avoid unnecessary expense and waste of resources." *Id*. Those same considerations weigh in favor of the Court hearing defendants' motion for judgment on the pleadings, which defendants are entitled to bring at any time "[a]fter the pleadings are closed," prior to reopening discovery. *See* Fed. R. Civ. P. 12(c).

Nevertheless, the Ninth Circuit did find that defendants procedurally violated the IDEA by not presenting C.M.'s parents with his Response-to-Intervention testing data. *See M.M.*, 767 F.3d at 855. Defendants contend that they previously produced this information, yet plaintiffs have requested that this data be provided from February 2007 through May 2009. *See* Alberts Decl. ¶¶ 2-6; Responsive Memorandum at 14.

The Court therefore orders that **on or before September 11, 2015**, defendants provide C.M.'s parents with his Response-to-Intervention testing data from February 2007 through May 2009. Defendants' motion for judgment on the pleadings shall be filed by **September 18, 2015.** If defendants' motion fails, at that time the parties may present the Court with a proposed discovery plan limited to the Section 504 reassessment retaliation claim only.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby ORDERS as follows:

Case No. 09-4624 is dismissed, without prejudice to plaintiffs' pursuit of their Section 504 retaliation claim as to the District's reevalaution of C.M. in Case No. 10-4223. The clerk of the court is directed to CLOSE Case No. 09-4624. Pursuant to Federal Rule of Civil Procedure 54, the parties are ORDERED that any motion for attorneys' fees and costs in Case No. 09-4624 shall not be brought until after entry of judgment in Case No. 10-4223.

---

[4] Plaintiffs' counsel cites to an exhibit as proof of this agreement between the parties, but this exhibit does not appear to be part of the record. *See* Foltz Aff. ¶ 3.

Plaintiffs are ORDERED to file any motion to supplement the administrative record by **September 18, 2015**. Such motion shall be limited to the specific categories of reimbursement and compensation that this Court previously denied in its February 7, 2012 order.

Plaintiffs' request to relitigate their Section 504 discrimination claim is hereby DENIED.

Defendants are ORDERED to provide plaintiffs with C.M.'s Response-to-Intervention testing data from February 2007 through May 2009 by **September 11, 2015**.

Defendants are ORDERED to file their motion for judgment on the pleadings as to plaintiffs' Section 504 retaliation claim by **September 18, 2015**.

**IT IS SO ORDERED**.

Dated: August 27, 2015

SUSAN ILLSTON
United States District Judge